UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | |
|---|---|
| JASON DISISTO, | **ANSWER TO THE AMENDED COMPLAINT WITH CROSS-CLAIMS** |
| Plaintiff, | |
| -against- | |
| THE CITY OF NEW YORK, New York City Police Department ("NYPD") Officer ("P.O.") JONATHAN MUNOZ (Shield No. 20918), P.O. EDWIN FLOREZ (Shield No. 22262) and P.O. DANIEL CROSS, (Shield No. 2635) in their individual capacities, | 15 CV 3296 (GHW) <br><br> TRIAL BY JURY DEMANDED |
| Defendants. | |

---------------------------------------------------------------X

Defendant NEW YORK CITY POLICE OFFICER EDWIN FLOREZ by his attorney Wenger & Arlia, Esqs. LLP respectfully answers Plaintiff's Amended Complaint as follows:

**PRELIMINARY STATEMENT**

1. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 1 of Plaintiff's Amended Complaint.

2. Denies the allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

3. Denies the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4. Denies the allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

5. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

1

## JURISDICTION AND VENUE

6. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6 of Plaintiff's Amended Complaint and refer questions of law to the Court.

7. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 7 of Plaintiff's Amended Complaint and refer questions of law to the Court.

8. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

9. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

10. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

## PARTIES

11. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

12. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.

13. Denies, except admits, only that at all relevant times mentioned in the Amended Complaint, Defendant POLICE OFFICER EDWIN FLOREZ was performing his duties lawfully under the color of law and within the scope of his employment as a New York City Police Officer.

14. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

15. Denies, except admits, only that at all relevant times mentioned in the Amended Complaint, Defendant POLICE OFFICER EDWIN FLOREZ was performing his duties lawfully under the color of law and within the scope of his employment as a New York City Police Officer.

16. Denies the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17. Denies the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

**STATEMENT OF FACTS**

18. Denies the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

19. Denies the allegations contained in paragraph 19 of Plaintiff's Amended Complaint.

20. Denies the allegations contained in paragraph 20 of Plaintiff's Amended Complaint.

21. Denies the allegations contained in paragraph 21 of Plaintiff's Amended Complaint.

22. Denies the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

23. Denies the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

24. Denies the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

25. Denies the allegations contained in paragraph 25 of Plaintiff's Amended Complaint.

26. Denies the allegations contained in paragraph 26 of Plaintiff's Amended Complaint.

27. Denies the allegations contained in paragraph 27 of Plaintiff's Amended Complaint.

28. Denies the allegations contained in paragraph 28 of Plaintiff's Amended Complaint.

29. Denies the allegations contained in paragraph 29 of Plaintiff's Amended Complaint.

30. Denies the allegations contained in paragraph 30 of Plaintiff's Amended Complaint.

31. Denies the allegations contained in paragraph 31 of Plaintiff's Amended Complaint.

32. Denies the allegations contained in paragraph 32 of Plaintiff's Amended Complaint.

33. Denies the allegations contained in paragraph 33 of Plaintiff's Amended Complaint.

34. Denies the allegations contained in paragraph 34 of Plaintiff's Amended Complaint.

35. Denies the allegations contained in paragraph 35 of Plaintiff's Amended Complaint.

**AS AND FOR AN ANSWER TO THE FIRST CLAIM**
**DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION**
**THROUGH 42 U.S.C. 1983**

36. In response to paragraph 36 of Plaintiff's Amended Complaint Defendant POLICE OFFICER EDWIN FLOREZ, repeats and reiterates each and every answer set forth in paragraphs numbered 1 through 35 as if the same were fully set forth at length herein.

37. Denies the allegations contained in paragraph 37 of Plaintiff's Amended Complaint.

38. Denies the allegations contained in paragraph 38 of Plaintiff's Amended Complaint.

**AS AND FOR AN ANSWER TO THE SECOND CLAIM**
**MONELL CLAIM AGAINST DEFENDANT CITY THROUGH 42 U.S.C.1983**

39. In response to paragraph 39 of Plaintiff's Amended Complaint, Defendant POLICE OFFICER EDWIN FLOREZ repeats and reiterates each and every answer set forth in paragraphs numbered 1 through 38 as if the same were fully set forth at length herein.

40. Denies the allegations contained in paragraph 40 of Plaintiff's Amended Complaint.

41. Denies, except admits, only that at all relevant times mentioned in the Amended Complaint, Defendant POLICE OFFICER EDWIN FLOREZ was performing his duties lawfully under the color of law and within the scope of his employment as a New York City Police Officer.

42. Denies the allegations contained in paragraph 42 of Plaintiff's Amended Complaint.

43. Denies the allegations contained in paragraph 43 of Plaintiff's Amended Complaint including subparagraphs (a) through (a.a).

44. Denies the allegations contained in paragraph 44 of Plaintiff's Amended Complaint.

45. Denies the allegations contained in paragraph 45 of Plaintiff's Amended Complaint.

46. Denies the allegations contained in paragraph 46 of Plaintiff's Amended Complaint.

47. Denies the allegations contained in paragraph 47 of Plaintiff's Amended Complaint.

48. Denies the allegations contained in paragraph 48 of Plaintiff's Amended Complaint.

49. Denies the allegations contained in paragraph 49 of Plaintiff's Amended Complaint.

50. Denies, except admits only, that at all relevant times mentioned in the Amended Complaint, Defendant POLICE OFFICER EDWIN FLOREZ was performing his duties lawfully under the color of law and within the scope of his employment as a New York City Police Officer.

**AS AND FOR AN ANSWER TO THE THIRD CLAIM FOR RELIEF**
**FALSE ARREST AND FALSE IMPRISONMENT**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
**(Against all defendants)**

51. In response to paragraph 51 of Plaintiff's Amended Complaint, Defendant POLICE OFFICER EDWIN FLOREZ repeats and reiterates each and every answer set forth in paragraphs numbered 1 through 50 as if the same were fully set forth at length herein.

52. Denies the allegations contained in paragraph 52 of Plaintiff's Amended Complaint.

53. Denies, except admits only, that at all relevant times mentioned in the Amended Complaint, Defendant POLICE OFFICER EDWIN FLOREZ was performing his duties lawfully under the color of law and within the scope of his employment as a New York City Police Officer.

54. Denies the allegations contained in paragraph 54 of Plaintiff's Amended Complaint.

### AS AND FOR AN ANSWER TO THE FOURTH CLAIM FOR RELIEF
### ASSAULT AND BATTERY
### UNDER THE LAWOF THE STATE OF NEW YORK
### (Against all defendants)

55. In response to paragraph 55 of Plaintiff's Amended Complaint, Defendant POLICE OFFICER EDWIN FLOREZ repeats and reiterates each and every answer set forth in paragraphs numbered 1 through 54 as if the same were fully set forth at length herein.

56. Denies the allegations contained in paragraph 56 of Plaintiff's Amended Complaint.

57. Denies, except admits only, that at all relevant times mentioned in the Amended Complaint, Defendant POLICE OFFICER EDWIN FLOREZ was performing his duties lawfully under the color of law and within the scope of his employment as a New York City Police Officer.

58. Denies the allegations contained in paragraph 58 of Plaintiff's Amended Complaint.

### AS AND FOR AN ANSWER TO THE FITH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (Against all defendants)

59. In response to In response to paragraph 55 of Plaintiff's Amended Complaint, Defendant POLICE OFFICER EDWIN FLOREZ repeats and reiterates each and every answer set forth in paragraphs numbered 1 through 58 as if the same were fully set forth at length herein.

60. Denies the allegations contained in paragraph 60 of Plaintiff's Amended Complaint.

61. Denies, except admits only, that at all relevant times mentioned in the Amended Complaint, Defendant POLICE OFFICER EDWIN FLOREZ was performing his duties lawfully under the color of law and within the scope of his employment as a New York City Police Officer.

62. Denies the allegations contained in paragraph 62 of Plaintiff's Amended Complaint.

**AS AND FOR AN ANSWER TO THE SIXTH CLAIM FOR RELIEF**
**ABUSE OF PROCESS**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
**(Against all defendants)**

63. In response to paragraph 62 of Plaintiff's Amended Complaint, Defendant POLICE OFFICER EDWIN FLOREZ repeats and reiterates each and every answer set forth in paragraphs numbered 1 through 62 as if the same were fully set forth at length herein.

64. Denies the allegations contained in paragraph 64 of Plaintiff's Amended Complaint.

65. Denies, except admits only, that at all relevant times mentioned in the Amended Complaint, Defendant POLICE OFFICER EDWIN FLOREZ was performing his duties lawfully under the color of law and within the scope of his employment as a New York City Police Officer.

66. Denies the allegations contained in paragraph 66 of Plaintiff's Amended Complaint.

### AS AND FOR AN ANSWER TO THE SEVENTH CLAIM FOR RELIEF
### CONVERSION/TRESPASS TO CHATTLES
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (Against all defendants)

67. In response to paragraph 63 of Plaintiff's Amended Complaint, Defendant POLICE OFFICER EDWIN FLOREZ repeats and reiterates each and every answer set forth in paragraphs numbered 1 through 66 as if the same were fully set forth at length herein.

68. Denies the allegations contained in paragraph 68 of Plaintiff's Amended Complaint.

69. Denies the allegations contained in paragraph 69 of Plaintiff's Amended Complaint.

70. Denies the allegations contained in paragraph 70 of Plaintiff's Amended Complaint.

### AS AND FOR AN ANSWER TO THE EIGHTH CLAIM FOR RELIEF
### NEGLIGENT HIRING, SCREENING, SUPERVISION AND RETENTION
### UNDER THE LAWS OF THE STATE OF NEW YORK
### (Defendant the City of New York)

71. In response to paragraph 63 of Plaintiff's Amended Complaint, Defendant POLICE OFFICER EDWIN FLOREZ repeats and reiterates each and every answer set forth in paragraphs numbered 1 through 70 as if the same were fully set forth at length herein.

72. Denies the allegations contained in paragraph 72 of Plaintiff's Amended Complaint.

73. Denies the allegations contained in paragraph 73 of Plaintiff's Amended Complaint.

# JURY DEMAND

74. Paragraph 74 contains a demand for jury trial to which no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER EDWIN FLOREZ

75. The alleged incident and damages, if any, alleged to have been sustained by the Plaintiff on the occasion mentioned in the Complaint were wholly or in part caused by the culpable conduct of the Plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER EDWIN FLOREZ

76. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against Defendant POLICE OFFICER EDWIN FLOREZ.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER EDWIN FLOREZ

77. Plaintiff's Amended Complaint fails to set forth facts sufficient to constitute deprivation of any constitutional rights or other basis for a civil rights claim.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER EDWIN FLOREZ

78. If it is determined that Defendant POLICE OFFICER EDWIN FLOREZ was acting under the color of law, then the actions of Defendant POLICE OFFICER EDWIN FLOREZ, as a sworn police officer of the Defendant, CITY OF NEW YORK, was justified and

was done in good faith, in that Defendant POLICE OFFICER EDWIN FLOREZ reasonably believed that he was exercising and acting within his statutory and constitutional powers.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER EDWIN FLOREZ

79. That any sums or consideration paid or promised to Plaintiff, by any person or corporations claimed to be liable for injuries or damages alleged in the Complaint, shall reduce any judgment rendered in favor of Plaintiff as against Defendant POLICE OFFICER EDWIN FLOREZ to the extent of the greater of either the sums or consideration paid or promised to Plaintiff or the amount of the released tortfeasor's(s) equitable share(s) of the damages in accordance with General Obligations Law §15-108, et. seq.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER EDWIN FLOREZ

80. If it is determined that Defendant POLICE OFFICER EDWIN FLOREZ was acting under the color of law, then Defendant POLICE OFFICER EDWIN FLOREZ acted reasonably and in good faith in discharging his official duties and responsibilities, and as such Defendant POLICE OFFICER EDWIN FLOREZ is entitled to qualified immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER EDWIN FLOREZ

81. Causes of Action alleged in the Plaintiff's Amended Complaint are barred by this applicable statute of limitations.

### AS AND FOR AN EITHTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER EDWIN FLOREZ

82. Upon information and belief, the injuries or damages alleged in the Complaint were or may have been caused in whole or in part by parties now or hereafter to be named as Co-Defendants or Third-Party Defendants and accordingly the liability of the answering Defendant POLICE OFFICER EDWIN FLOREZ is, or may be limited ty the provisions of Article 16 of the CPLR.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE OF DEFENDANT POLICE OFFICER EDWIN FLOREZ

83. Any award for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, or other economic loss claimed by Plaintiff shall be reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to CPLR §4545.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

84. If the Plaintiff was caused damages as alleged in the Plaintiff's Amended Complaint, due to any culpable conduct other than Plaintiff's own culpable conduct, then such damages were subsequently due to the culpable conduct, negligent acts of omission or commission of Defendant, CITY OF NEW YORK.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

85. If it is determined that Defendant POLICE OFFICER EDWIN FLOREZ was acting under the color of law, then all of the acts of Defendant POLICE OFFICER EDWIN FLOREZ were performed within the scope of his duties and within the scope of his employment as a New York City Police Officer, and any liability to the Plaintiff must be assumed by his employer, the Defendant, CITY OF NEW YORK, pursuant to the principle of *Respondent Superior*.

86. Pursuant to this principle of law, if the Plaintiff recovers any judgment against Defendant POLICE OFFICER EDWIN FLOREZ, then said Defendant is entitled to recover the amount of such judgment from Defendant, CITY OF NEW YORK.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

87. If it is determined that Defendant POLICE OFFICER EDWIN FLOREZ was acting under the color of law, then all of the actions of Defendant POLICE OFFICER EDWIN FLOREZ were performed within the performance of his duties and within the scope of his employment as a New York City Police Officer, and any liability to Plaintiff must be assumed by Defendant, CITY OF NEW YORK, pursuant to NYS General Municipal Law §50-k.

88. Any damages sustained by the Plainfiff at the time or place mentioned in Plaintiff's Amended Complaint are embraced within the provisions of NYS General Municipal Law §50-k.

89. Pursuant to this provision of NYS General Municipal Law §50-k, if Plaintiff recovers any judgment against Defendant POLICE OFFICER EDWIN FLOREZ then the

answering Defendant is entitled to recover the amount of such judgment from the Defendant, CITY OF NEW YORK.

**WHEREFORE,** Defendant POLICE OFFICER EDWIN FLOREZ respectfully demands judgment against the Plaintiff as follows:

(a) Dismissing Plaintiff's Amended Complaint in its entirety;

(b) Over and against the Defendant, CITY OF NEW YORK for the amount of any judgment obtained against Defendant POLICE OFFICER EDWIN FLOREZ.

(c) Granting Defendant POLICE OFFICER EDWIN FLOREZ costs, disbursements, and expenses of this action, reasonable attorney's fees, and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 30, 2015

Yours, etc.

*John Arlia*
_____
By: John Arlia (JA 6781)
Wenger & Arlia, Esqs. LLP
Attorneys for Defendant P.O. Edwin Florez
20 Vesey Street, Suite 210
New York, NY 10007
(212) 566-6262