UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JASON DISISTO,                                                                  15-CV-3296 (GHW)

                            Plaintiff,

       -against-

THE CITY OF NEW YORK, New York City Police
Department ("NYPD") Officer ("P.O.") JONATHAN
MUNOZ (Shield No. 20918), P.O. EDWIN FLOREZ (Shield
No. 22262) and P.O. DANIEL CROSS, (Shield No. 2635)
in their individual capacities,
                              Defendants.

-------------------------------------------------------------------X

# **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PENDING OFFICER MUNOZ'S RELATED CRIMINAL PROSECUTION.**

                                                                               Doug LaBarbera
                                                                               WORTH, LONGWORTH & LONDON LLP
                                                                               *Attorneys for Defendant P.O. Munoz & Cross*
                                                                               111 John Street, Suite 640
                                                                               New York, New York 10038

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................1

FACTS ............................................................................................................1

CRIMINAL PROSECUTION .........................................................................2

STANDARD OF REVIEW ..............................................................................3

ARGUMENT ...................................................................................................4

    I.    THE FACTORS THE COURT SHOULD CONSIDER
        WEIGH HEAVILY IN FAVOR OF A STAY. ...........................................4

        A.  The issues in the criminal prosecution and this civil
            matter are identical. ................................................................4

        B.  The status of the criminal case weighs in favor
            of a stay. ..................................................................................4

        C.  On balance, the private interests of Officer Munoz and the
            prejudice to him trump Plaintiff's private interest. .........................5

        D.  The interests of the Court and the public weigh in favor
            of a stay. ..................................................................................9

    II.   DEFENDANT CITY OF NEW YORK AND DEFENDANT
        POLICE OFFICER EDWIN FLOREZ WOULD BE PREJUDICED
        ABSENT A STAY. .................................................................................10

CONCLUSION ..............................................................................................11

# TABLE OF AUTHORITIES

**Case**                                                                                                 **Page(s)**

Baxter v. Palmigiano,
    425 U.S. 308, (1976). ........................................................................................ 7

Brock v. Tolkow,
    109 F.R.D. 116 (E.D.N.Y.1985). ..................................................................... 8

Brown v. City of Syracuse,
    648 F. Supp. 2d 461 (N.D.N.Y. 2009). ............................................................ 8

Crawford & Sons, Ltd. v. Besser,
    298 F. Supp. 2d 317 (E.D.N.Y. 2004). ............................................................ 9

Estes-El v. Long Island Jewish Med. Ctr.,
    916 F. Supp. 268 (S.D.N.Y. 1995). ................................................................. 3

Harris v. Nassau Cty.,
    No. 13-CV-4728 NGG RML, 2014 WL 3491286, at *5
    (E.D.N.Y. July 11, 2014). ................................................................................ 9

Harris v. New York,
    401 U.S. 222 (1971). ........................................................................................ 6

Hicks v. City of New York,
    268 F. Supp. 2d 238 (E.D.N.Y. 2003). ............................................................ 3

LiButti v. United States,
    107 F.3d 110, 121 (2d Cir. 1997). .................................................................... 7

Parker v. Dawson,
    No. 06-CV-6191 JFB WDW, 2007 WL 2462677, at *6
    (E.D.N.Y. Aug. 27, 2007). ............................................................................. 10

Sterling Nat. Bank v. A-1 Hotels Int'l, Inc.,
    175 F. Supp. 2d 573 (S.D.N.Y. 2001). ............................................................ 5

Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.,
    886 F. Supp. 1134 (S.D.N.Y. 1995) ......................................................... *passim*

Tyre Davis v. City of New York et, al.,
    12-CV-3297 (DE: 29, October 31st, 2013). ................................................... 9

Volmar Distributors, Inc. v. New York Post Co., Inc.,
 152 F.R.D. 36 (S.D.N.Y. 1993). ................................................................... 3, 4, 5

**Statute**

42 U.S.C. § 1983 ................................................................................................1, 3, 4

New York Penal Law § 175.35 ...............................................................................2

New York Penal Law § 195.00(1) ...........................................................................2

New York Penal Law § 210.45 ................................................................................2

Public Officers Law § 30(1)(e) ................................................................................ 8

# PRELIMINARY STATEMENT

Plaintiff Jason Disisto ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 alleging he was deprived of his civil rights, and by way of supplemental jurisdiction brings state law claims arising from the same facts and circumstances underlying his civil rights claims. Specifically, Plaintiff alleges that on March, 12th 2014, he was subjected to, *inter alia*, False Arrest/Imprisonment, Assault, Battery, Malicious Prosecution, Malicious Abuse of Process, and Conversion. Plaintiff filed his Summons and Complaint on or about April 28th, 2015. (*see*, ECF Document #1). As a result of Plaintiff's allegations Defendant New York City Police Officer Jonathan Munoz ("Officer Munoz"), was indicted by a New York County Grand Jury on December 22nd, 2015. (*see*, Declaration of Doug LaBarbera "LaBarbera Decl." Exhibit 1). Based upon Officer Munoz pending criminal prosecution he now respectfully requests the Court stay this civil matter until the conclusion of his criminal case.

# FACTS

Plaintiff's Amended Complaint alleges, *inter alia*, that Plaintiff was falsely arrested by Officer Munoz on March 12th, 2014. (*see*, ECF Document # 24 at ¶ 18) Specifically, Plaintiff alleges that on that date he began to video-record Officers Munoz, and Co-Defendant New York City Police Officer Edwin Florez's ("Officer Florez") interaction with Plaintiff's friend outside the La Casa Del Mofongo restaurant in Manhattan New York. (Id. at ¶ 19-21). Plaintiff alleges that "while standing a safe distance away … [he] raised the cell phone in his hands so that he could video tape their conduct." (Id. at ¶ 22) Plaintiff further claims that "in an attempt to

prevent Mr. Disisto from recording conduct and in response to Mr. Disisto raising his hands to do the same, P.O. Munoz lunged toward Mr. Disisto. (Id. at ¶ 24) According to Plaintiff, "due to this unprovoked use of force by P.O. Munoz, Mr. Disisto was prevented from exercising his First Amendment protected right to record police conduct." (Id. at ¶ 25) Plaintiff further alleges he was handcuffed and transported to the 34th Precinct Stationhouse. (Id. at ¶ 27) Plaintiff specifically alleges that "P.O. Munoz then knowingly made a false official written statement regarding the incident to support a misdemeanor criminal complaint against Mr. Disisto." (Id. at ¶ 28) Specifically Plaintiff alleges that "the statement falsely alleged that Mr. Disisto did "lunge" at P.O. Munoz and Mr. Disisto did swing his right arm toward P.O. Munoz's face with a closed fist." (Id. at ¶ 29) Plaintiff finally alleges that surveillance video of the incident indicates that "Mr. Disisto was standing some distance away from P.O. Munoz, when P.O. Munoz lunged at Mr. Disisto in order to prevent him from videotaping the officers." (Id. at ¶ 30) [1]

**CRIMINAL PROSECUTION**

On or about December 22nd, 2015 Officer Munoz was indicted by a New York County Grand Jury based upon his interaction with Plaintiff on March 12th, 2014. (*see*, LaBarbera Decl. Ex. 1) Officer Munoz was charged with two counts of Offering a False Instrument for Filing in the First Degree, in violation of New York Penal Law § 175.35, for alleged false statements regarding his interaction with Plaintiff allegedly contained in the criminal court complaint and NYPD arrest report; two counts of Official Misconduct in violation of NYPL 195.00(1) for allegedly depriving Plaintiff, and another individual Katy Lopez, of the right to be free from unreasonable search and seizure; and making a punishable false written statement in the criminal court complaint, in violation of NYPL 210.45. Officer Munoz has plead not guilty to the charges

---

[1] Due to the pendency of a criminal case against him, Officer Munoz respectfully declines to set forth his account of the facts as they occurred on March 12th, 2014.

2

against him. The next appearance in Officer Munoz's criminal matter is scheduled to take place on March 11th, 2016.

## STANDARD OF REVIEW

"It is well settled that district courts have the inherent power, in the exercise of discretion, to issue a stay when the interests of justice require such action." Volmar Distributors, Inc. v. New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993). "Courts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995) (*see also,* Estes-El v. Long Island Jewish Med. Ctr., 916 F. Supp. 268, 269 (S.D.N.Y. 1995),"It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings.") "Depending on the particular facts of the case, the court may decide to stay civil proceedings, postpone civil discovery, or impose protective orders." Volmar Distributors, 152 F.R.D. at 39.

In determining whether to stay a civil proceeding pending the outcome of a related criminal case, courts consider a number of factors, including (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. Hicks v. City of New York, 268 F. Supp. 2d 238, 241 (E.D.N.Y.

3

2003). "The Courts must evaluate these factors on a case by case basis, "with the basic goal being to avoid prejudice." Volmar Distributors, 152 F.R.D. at 36.

**ARGUMENT**

I. **THE FACTORS THE COURT SHOULD CONSIDER WEIGH HEAVILY IN FAVOR OF A STAY.**

It is clear that the factors courts generally consider when deciding a motion to stay weigh heavily in favor a stay of this action.

**A. The issues in the criminal prosecution and this civil matter are identical.**

Plaintiff concedes in his pre-motion letter that "there is an overlap between the issues in this case, and the parallel prosecution," of Officer Munoz. (*see*, ECF Document # 55 at pg. 3) Officer Munoz's prosecution is based upon the precise factual scenario that is set forth in Plaintiff's Amended Complaint. The Amended Complaint explicitly alleges Plaintiff's right to be free from False Arrest and Malicious Prosecution were violated after Officer Munoz allegedly made false statements in the Criminal Court Complaint. Officer Munoz's indictment charges him with that precise conduct, allegedly offering a false statement in the criminal court complaint in violation of the New York State Penal Law. Furthermore, the indictment essentially charges Officer Munoz with committing Official Misconduct by falsely arresting Plaintiff, alleging he was "deprived of his right to be free from unreasonable search and seizure." Since Plaintiff maintains a False Arrest claim pursuant to 42 U.S.C. § 1983, it is beyond dispute that there is a clear overlap of issues. This clear overlap weighs heavily in favor of a stay.

**B. The status of the criminal case weighs in favor of a stay.**

Since Officer Munoz has already been indicted, and his criminal case is proceeding, the status of his criminal case weighs in favor of a stay.

"The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." <u>Volmar Distributors, Inc. v. New York Post Co.</u>, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons": (1) "the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued"; and (2) "the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." <u>of the Plumbers and Pipefitters Nat'l Pension Fund</u>, 886 F.Supp. at 1139. *see also* <u>Sterling Nat. Bank v. A-1 Hotels Int'l, Inc.</u>, 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001) (*noting* that an indicted defendant's "situation is particularly dangerous, and takes a certain priority" and that "the prejudice to the plaintiff of staying proceedings is somewhat reduced, since the criminal litigation has reached a crisis that will lead to a reasonably speedy resolution").

Officer Munoz's criminal case has progressed beyond the point of investigation to indictment. Officer Munoz has plead not guilty to the charges against him and his criminal case is proceeding forward. Since Officer Munoz is facing an actual as opposed to theoretical criminal prosecution, each of the factors outlined above weigh heavily in favor of staying this civil matter.

### C. On balance the private interests of Officer Munoz and the prejudice to him outweigh Plaintiff's private interest.

The Defendants, and in particular Officer Munoz, would face significant undue prejudice to both this civil case, and his criminal case absent a stay.

First Officer Munoz's pending criminal case would suffer significant prejudice if this civil proceeding were allowed to proceed during the pendency of a criminal action against him.

5

As mentioned above, courts are afforded the discretion to stay civil proceedings precisely because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case. Trustees of Plumbers & Pipefitters., Inc., 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995).

Officer Munoz retains his right pursuant to Fifth Amendment to refuse to testify at his criminal trial. "Every criminal defendant is privileged to testify in his own defense, or to refuse to do so." Harris v. New York, 401 U.S. 222, 225 (1971). In other words, as per the Fifth Amendment, Officer Munoz has a constitutional right to have his criminal case proven against him without the prosecution using his own statements. If Officer Munoz is forced to proceed with this civil matter, by for example responding to interrogatories or giving deposition testimony, this civil matter will serve to impinge upon that Fifth Amendment right. This is particularly evident in light of the particular facts alleged and the Penal Law charges against him. For the prosecution to prove the false statement charges against Officer Munoz they must prove not just that the Arrest Report, and the Criminal Court Complaint contained a statement that is contradicted by other evidence, but that Officer Munoz made the alleged statements with the "intent to defraud." (*see*, LaBarbera Decl. Ex. 1) Similarly, to prove the Official Misconduct charges against him the prosecution must prove that Officer Munoz acted "with the intent to deprive Jason Disisto of a benefit." Id. Officer Munoz has a constitutional right to have the prosecution prove these elements of the charges against him without the use of his own statements. As such, if Officer Munoz were forced to respond to interrogatories or give

6

deposition testimony in this matter, his Fifth Amendment rights would suffer significant prejudice.

For these reasons, it is likely that if discovery in this civil matter were to proceed Officer Munoz would be forced to plead the Fifth Amendment with respect to interrogatories and deposition questions. If forced to proceed in this fashion Officer Munoz's defense of this civil matter would suffer significant undue prejudice. Unlike a criminal trial, Officer Munoz does not have the right to a civil case being proven against him without his own testimony, or his failure to testify, being used against him. "The Supreme Court made it clear … that while the Fifth Amendment precludes drawing adverse inferences against defendants in criminal cases, it does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." LiButti v. United States, 107 F.3d 110, 121 (2d Cir. 1997) *quoting* Baxter v. Palmigiano, 425 U.S. 308, (1976). As such, if this civil matter proceeded in advance of Officer Munoz's criminal trial, he would be faced with the choice of potentially incriminating himself, or risking an adverse inference prejudicing this civil matter. This Court recognized this dilemma in Trustees of Plumbers & Pipefitters, 886 F. Supp. at 1140, when it granted defendant's motion for a stay holding Plaintiff's interest in an expeditious resolution of their case was "trumped by defendant's interest in avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case." This quandary is particularly applicable to Officer Munoz since he is not presently being represented by his employer Defendant City of New York and it is unclear whether Defendant City of New York will indemnify him from any judgment or settlement. Therefore, as a result of this civil matter he faces significant personal financial liability to Plaintiff, and his defense would suffer significant undue prejudice absent a stay.

Officer Munoz faces further prejudice because if convicted of Official Misconduct, his employment as a New York City Police Officer is vacated. (*see*, Brown v. City of Syracuse, 648 F. Supp. 2d 461, 464 (N.D.N.Y. 2009), *holding* "As New York's highest court stated, "Public Officers Law § 30(1)(e) is a self-executing statute which provides that an office is deemed vacant upon an officer's 'conviction of ... a crime involving a violation of his oath of office.'") Therefore, the prejudice to Officer Munoz's criminal case that he would suffer absent a stay, served to also prejudice his employment with the New York City Police Department.

Although, Plaintiff is correct that he has an interest in the expeditious resolution of this case, as this Court decided in Trustees of the Plumbers and Pipefitters Nat'l Pension Fund, 886 F.Supp. at 1139, *supra*, I respectfully submit that this interest is outweighed by the amount of prejudice Officer Munoz would suffer absent a stay. Furthermore, "the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." Id. Furthermore, a stay will serve to benefit Plaintiff certain respects since "the resolution of the Criminal Case may reduce the scope of discovery in the civil case and the evidence gathered during the criminal prosecution can later be used in the civil action". Brock v. Tolkow, 109 F.R.D. 116, 120 (E.D.N.Y.1985). Finally, upon information and belief while the criminal case is pending, the NYPD Internal Affairs Bureau's investigation into Plaintiff's allegations will remain open and subject to the law enforcement privilege. Upon resolution of the criminal trial, it is likely that the Internal Affairs Bureau investigation will close and the records will become discoverable which will assist all parties in litigating this matter.

Since the prejudice Officer Munoz would face in the absence of a stay significantly outweighs Plaintiff's private interests, I respectfully submit that a stay is warranted.

8

### D. The interests of the Court and the public weigh in favor of a stay.

A stay of this matter would serve the best interest of the public and judicial efficiency. "[T]he public's interest is best served by preserving the integrity of the criminal case." Harris v. Nassau Cty., No. 13-CV-4728 NGG RML, 2014 WL 3491286, at *5 (E.D.N.Y. July 11, 2014). As this Court has recently noted, "the public has an interest in ensuring that the civil discovery process is not utilized to subvert the rules governing criminal discovery." Tyre Davis v. City of New York et, al., 12-CV-3297 (DE: 29, October 31st, 2013) (*granting* Defendant New York City Police Officer's motion to stay pending related criminal case.)

Judicial efficiency is best served by a stay since "it will likely narrow the issues before the court, and prevent both parties from performing unnecessarily duplicative work." Harris v. Nassau Cty., No. 13-CV-4728 at *5. (*see also*, Crawford & Sons, Ltd. v. Besser, 298 F. Supp. 2d 317, 320 (E.D.N.Y. 2004) *holding* "a stay would avoid duplication as this Court and the parties would have the benefit of the transcripts and rulings in the criminal action.") A resolution of the criminal action "may reduce the scope of discovery in the civil case and the evidence gathered during the criminal prosecution can later be used in the civil action." Trustees of the Plumbers and Pipefitters Nat'l Pension Fund, 886 F.Supp. at 1140. Judicial economy also weighs in favor of a stay since "a conviction or acquittal in the criminal action may negate or buttress some or all of the plaintiffs' claims." Crawford & Sons, Ltd. v. Besser, 298 F. Supp. 2d 317, 320 (E.D.N.Y. 2004) (*see also*, Davis, 12-CV-3297 at pg. 4). Finally, the "resolution of the criminal case may increase prospects for settlement of the civil case ... [d]ue to differences in the standards of proof between civil suits and criminal prosecutions which may result in the criminal disposition having a collateral estoppel or res judicata effect on some or all of the overlapping

issues." Parker v. Dawson, No. 06-CV-6191 JFB WDW, 2007 WL 2462677, at *6 (E.D.N.Y. Aug. 27, 2007).

As such, I respectfully submit that the interest of the public and the Court weight in favor of a stay.

## II. DEFENDANT CITY OF NEW YORK AND DEFENDANT POLICE OFFICER EDWIN FLOREZ WOULD BE PREJUDICED ABSENT A STAY.

Defendant City of New York submits that it will be significantly prejudiced should Officer Munoz's stay motion not be granted. Defendant City will suffer prejudice for three main reasons. First, Defendant City is prejudiced in that it will be without access to the information compiled by the New York County District Attorney's Office during its investigation into the circumstances surrounding Plaintiff's arrest. Second, Defendant City is unable to speak the three officers who were allegedly present for this incident (Defendants Munoz, Florez, and Cross), or get a summary of their version of events. Finally, Defendant City is prejudiced because the decision regarding whether the Defendant officers are entitled to indemnification cannot be determined while the criminal and departmental cases are pending. Without a stay, Defendant City is therefore unable to effectively evaluate its litigation risks. For these reasons, Defendant City can neither adequately evaluate the case nor mount a defense in this action while the criminal and departmental cases are pending, and Defendant City joins Officer Munoz's stay application.

Officer Florez respectfully submits that he would be prejudiced, absent a stay, since Officer Munoz's invocation of his Fifth Amendment Privilege would have a negative collateral consequence on his co-defendants.

10

# **CONCLUSION**

For the reasons set forth above, Defendants respectfully request the Court enter an Order staying this matter, in its entirety, until the resolution of Officer Munoz's criminal case, and for such other and further relief as the court deems just and proper.

We thank the Court for its time and attention to this matter.


Dated: February 3, 2016
      New York, NY

                                            Respectfully Submitted,
                                            Worth, Longworth & London, LLP.
                                            *Attorneys for Defendants Munoz and Cross*
                                            111 John Street, Suite 640
                                            New York, New York 10038
                                            (212) 964-8038

                                            By: _____/s/_____
                                                Doug LaBarbera, Esq. (DL 6212)

TO:    **VIA ECF**

      David Rankin
      Rankin and Taylor
      *Attorneys for Plaintiff*
      11 Park Place, Suite 914
      New York, NY 10007

      Rhiana Swartz
      New York City Law Department
      *Attorneys for Defendant City of New York*
      100 Church Street,
      New York, NY 10007

      John Arlia, Esq.
      Wegner and Arlia
      *Attorney for Defendant P.O. Florez*
      20 Vesey Street, Suite 210
      New York, NY 10007